IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICHARD HENDERSON,            §
TDCJ-ID #650071,              §
                              §
         Plaintiff,           §
                              §
v.                            §     CIVIL ACTION NO. H-05-4364
                              §
JUDGE FOR THE 208th COURTROOM §
OF HOUSTON, TEXAS,            §
                              §
         Defendant.           §

### MEMORANDUM OPINION AND ORDER

Richard Henderson, a Texas prisoner, has filed a civil rights complaint against a State District Judge presiding in Harris County, Texas. This prisoner action will be dismissed under 28 U.S.C. § 1915(e) because it is frivolous.

Henderson claims that a judge wrongfully sent him to prison in 1991. He alleges that he successfully argued to the trial court that his Fourth Amendment rights had been violated. According to Henderson, the judge agreed with his challenge and that the prosecutor was left without any probative evidence at that time. However, the judge also said that Henderson could be charged again and that if he took the case to trial he would be given a stiffer sentence. Moreover, the judge allegedly threatened that Henderson would not survive his prison term. Although it is not explicitly

stated in the complaint, Henderson implies that he pleaded guilty under the impression that he was doing so to avoid an inevitable and more severe punishment that would have been imposed if he had asserted his right to defend himself against the pending charges. Henderson seeks an order for his immediate release.   He also requests an "unlimited amount of money for every cause [he has] under the 4th Amendment."

Henderson's claim for damages is clearly dismissible because he is suing a judge for performing his duties.   Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995), citing Stump v. Sparkman, 98 S.Ct. 1099, 1106 (1978).   Judges and prosecutors are absolutely immune from personal liability for actions taken within their official capacities.   Id.; Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997).

In addition, Henderson's claims are dismissible because they are improper challenges to the validity of a state court criminal conviction.   Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996); Brandley, 64 F.3d at 199, citing Heck v. Humphrey, 114 S.Ct. 2364, 2374 (1994).   A suit for damages under section 1983 must be dismissed where, as in this current action, the plaintiff is attacking the validity of his conviction and has not shown that the conviction has been reversed or overturned.   Heck, 114 S.Ct. at 2372.

-2-

Henderson apparently intended to use this action to contest his 1991 state court conviction. Such a challenge can be considered only in a habeas proceeding. Preiser v. Rodriquez, 93 S.Ct. 1827, 1833 (1973); Johnson, 101 F.3d at 424, citing, Serio v. Members of La. Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987). Henderson has filed a separate habeas petition, which is currently pending. Henderson v. Dretke, No. H-05-1140 (S.D. Tex. filed Apr. 4, 2005). On November 1, 2005, the respondent filed a motion for summary judgment arguing that the habeas claims are time barred by 28 U.S.C. § 2244(d). Id., Docket Entry No. 11. Maintaining this action as a habeas proceeding would amount to a redundancy that is barred by the provisions of 28 U.S.C. § 2244(b), which prohibit successive habeas challenges. See Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

Henderson's arguments are not supportable in this civil rights proceeding. See Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Accordingly, this action will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2) because it lacks an arguable basis in law. Id.; Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

Henderson's Application to Proceed In Forma Pauperis (Docket Entry No. 2) will be granted. However, Henderson is obligated to pay the entire filing fee ($250.00) under 28 U.S.C. § 1915(b). The Inmate Trust Fund of the Texas Department of Criminal Justice shall deduct $10.00 from Henderson's account and forward the money to the

-3-

Clerk of this court.   Thereafter, the Inmate Trust Fund shall deduct 20% of each deposit made to Henderson's account and forward the funds to the Clerk on a regular basis in compliance with the provisions of 28 U.S.C. § 1915(b)(2) until the fee has been paid.

### Conclusion and Order

The court **ORDERS** the following:

1.     The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2.     The TDCJ Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3.     This cause of action, filed by Inmate Richard Henderson, TDCJ-CID #650071, is **DISMISSED** as frivolous.   28 U.S.C. § 1915(e).

4.     The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 5th day of January, 2006.


_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-4-